UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GEORGE EDWARD TULUS,

　　　　Petitioner,

　　v.

ALBERTO R. GONZALES, *et al.*,

　　　　Respondents.

CASE NO.  C05-0232-TSZ-JPD

REPORT AND
RECOMMENDATION

## INTRODUCTION AND SUMMARY CONCLUSION

On February 9, 2005, petitioner George Edward Tulus filed, through counsel, a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his final order of removal to Indonesia by contending that the Board of Immigration Appeals erred in finding him ineligible for certain forms of relief from removal.  (Dkt. #1).  At the same time, petitioner also filed a request for a stay of removal.  (Dkt. #1).  On March 14, 2005, the Court entered a temporary stay of petitioner's removal pending resolution of the habeas corpus action in this Court.  (Dkt. #11). Respondents subsequently filed a Return and Cross-Motion to Dismiss.  (Dkt. #13).  However, on May 11, 2005, the REAL ID Act of 2005, Pub. L. No. 109-13, §§ 101 and 106, 119 Stat. 231 (May 11, 2005)("REAL ID Act"), was signed into law.  On June 6, 2005, respondents filed a Superseding Motion to Vacate Stay Order and to Dismiss pursuant to the REAL ID Act, arguing

REPORT AND RECOMMENDATION
PAGE – 1

1  that the Court lacks subject matter jurisdiction to review petitioner's habeas petition. (Dkt. #17).

2  Petitioner did not file a response.

3  In light of the recent enactment of the REAL ID Act, I recommend that petitioner's habeas

4  petition be transferred to the Ninth Circuit Court of Appeals as a Petition for Review.

TRANSFER OF JURISDICTION

6  On May 11, 2005, the President signed into law the REAL ID Act of 2005. Under Section

7  106(a)(1)(B) of the REAL ID Act, two new paragraphs (4 and 5) were added to 8 U.S.C. §

8  1252(a). Paragraph 5 of 8 U.S.C. § 1252(a) has particular relevance to this case; it provides:

> (5) EXCLUSIVE MEANS OF REVIEW.--Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e). For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms 'judicial review' and 'jurisdiction to review' include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

15  Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005) (Division B, Section 106(a)(B)). This provision

16  explicitly deprives this Court of jurisdiction under 28 U.S.C. § 2241 to review an order of removal

17  entered under the Immigration and Nationality Act. Moreover, Section 106(b) of the REAL ID Act

18  explicitly provides that Section 106(a) is retroactive: "subsection (a) shall take effect upon the date

19  of enactment of this division and shall apply to cases in which the final administrative order of

20  removal, deportation, or exclusion was issued before, on, or after the date of enactment." Pub. L.

21  No. 109-13, 119 Stat. 231 (May 11, 2005) (Division B, Section 106(a)(B)). In this action,

22  petitioner seeks judicial review of a final administrative order of removal. Accordingly, under the

23  REAL ID Act, this Court no longer has jurisdiction to entertain this action.

24  However, Section 106(c) of the REAL ID Act provides that if any § 2241 habeas corpus case

REPORT AND RECOMMENDATION
PAGE – 2

challenging a final administrative order of removal, deportation, or exclusion is pending in a district court on the date of enactment, "then the district court *shall* transfer the case (or any part of the case that challenges the order of removal ...) to the [appropriate] court of appeals." Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005) (Division B, Section 106(c))(emphasis added). Accordingly, this action should be transferred to the Ninth Circuit Court of Appeals for resolution as a Petition for Review in accordance with Section 106(c) of the REAL ID Act.

## CONCLUSION

For the foregoing reasons, I recommend that this case be transferred to the Ninth Circuit as a Petition For Review pursuant to Section 106(c) of the REAL ID Act. A proposed Order accompanies this Report and Recommendation.

DATED this 12th day of July, 2005.

/s/ James P. Donohue
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE – 3